[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss is denied.
The defendant argues that this proceeding was initiated when the plaintiff filed an application for a prejudgment remedy pursuant to General Statutes § 52-278a et seq. An evidentiary hearing was held CT Page 294 before Judge DeMayo, judicial district of New Haven, who found for the plaintiff and issued an order of temporary injunction on October 4, 2001. The defendant argues that the prejudgment remedy statute does not empower the court to issue injunctive relief, therefore, the court lacks subject matter jurisdiction. The plaintiff counters that he initiated this proceeding by filing a complaint requesting a temporary injunction and that some of the papers served upon the defendant mistakenly referenced General Statutes § 52-278a et seq. Otherwise, the plaintiff complied with the statutory scheme for filing for an injunction.
This court has subject matter jurisdiction to issue an injunction. "We have repeatedly held that the issuance of an injunction rests in the sound discretion of the trial court." Anderson v. Latimer PointManagement Corp., 208 Conn. 256, 262, 545 A.2d 525 (1988). In the present case, the paperwork presented to the court was sufficient to initiate a civil action and to advise all the parties to this action that the plaintiff was seeking a temporary injunction. The errors in the paperwork were not fatal. General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may rightly be understood and intended by the court."
A legal proceeding does not function smoothly when the court is being asked to issue; an injunction with paperwork that has the look of a request for a prejudgment remedy. The plaintiff should not have initiated this action with the appearance of a request for a prejudgment remedy. However, the plaintiff appears to have returned to court a signed writ and summons. The motion to dismiss is denied.
Kevin E. Booth, Judge